UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIG INSURANCE COMPANY,<br>as successor-in-interest to<br>TRANSAMERICA INSURANCE COMPANY,<br><br>                                          Petitioner,<br><br>                              -against-<br><br>FIRST STATE INSURANCE COMPANY,<br><br>                                        Respondent. | CIVIL ACTION NO.<br><br>04-12729MLW |

### AFFIDAVIT OF ADAM COHEN IN SUPPORT OF ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Adam G. Cohen, being duly sworn, deposes and says:

1. I am admitted to practice before the courts of the Commonwealth of Massachusetts and a member of the bar of this Court. I am a partner at Cetrulo & Capone LLP, attorneys for petitioner, TIG Insurance Company, as successor-in-interest to Transamerica Insurance Company ("TIG"). I make this affidavit in support of TIG's motion, brought on by Order to Show Cause, for: (i) an order directing respondent, First State Insurance Company ("First State"), to show cause why the Court should issue an order impounding the file in this proceeding (assuming First State wants the file impounded); and (ii) a temporary restraining order directing the Clerk of Court to restrict the Court file in this proceeding to the parties, their attorneys and authorized court personnel pending a hearing on this motion.

2. First State and TIG are parties to a series of reinsurance contracts (the "Contracts"). On June 6, 2002, First State demanded arbitration against TIG in accordance with the arbitration clause contained in the Contracts. An arbitration then proceeded before a three-member arbitration panel (the "Panel").

-2-

3.  At the outset of the arbitration, TIG and First State entered into a Confidentiality Agreement. (A true and correct copy of the Confidentiality Agreement is annexed hereto as Exhibit 1.) The Confidentiality Agreement requires TIG and First State to maintain the confidentiality of various information relating to the Arbitration (defined in the Confidentiality Agreement as "Arbitration Information").

4.  The Confidentiality Agreement permits the disclosure of Arbitration Information, inter alia, "in connection with court proceedings relating to any aspect of the arbitration, including, but not limited to, motions to confirm, modify or vacate an arbitration award." *See* Ex. 1. Where Arbitration Information is disclosed in connection with court proceedings, the Confidentiality Agreement provides that "subject to court approval, all disclosures" of Arbitration Information "shall be sealed." Id.

5.  On January 30, 2004, the Panel issued a Final Award, which the Panel supplemented on August 13, 2004 (collectively, the "Final Award").

6.  TIG intends to seek confirmation of the Final Award and has prepared a Petition seeking such relief. The Petition contains or arguably contains confidential Arbitration Information which the parties agreed, "subject to court approval . . . shall be sealed." The Confidentiality Agreement thus requires TIG to seek the Court's permission to impound the confirmation proceeding and to file the Petition under seal.

7.  No prior application has been made for the relief requested herein.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 30TH DAY OF DECEMBER, 2004.

_____
Adam G. Cohen (BBO No. 558689)

355516v1