UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------X
TIG INSURANCE COMPANY,
as successor-in-interest to
TRANSAMERICA INSURANCE
COMPANY

     Plaintiff,

v.

FIRST STATE INSURANCE COMPANY,

     Defendant.
-------------------------------------------------------X

Civil Action No. 04-12729-MLW

## ANSWER TO PETITION

  First State Insurance Company ("First State"), through its attorneys, as and for its answer to TIG Insurance Company's ("TIG") Petition to Confirm an Arbitration Award (the "Petition"), upon information and belief, alleges as follows:

  1. First State denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Petition.

  2. First State denies the allegations set forth in paragraph 2 of the Petition, except admits that it was a Delaware corporation until 1992, when it redomiciled to Connecticut, and admits that it is a Connecticut corporation with a principal place of business in Boston, MA.

  3. First State admits that this Court has jurisdiction over this matter, but denies that there is currently any amount in controversy.

  4. First State admits the allegations set forth in paragraph 4 of the Petition, and respectfully refers the Court to the excess of loss reinsurance contracts (the "Contracts") for their terms and conditions.

5. First State admits that each of the Contracts contains an arbitration clause and respectfully refers the Court to the Contracts for their terms and conditions.

6. First State denies the allegations set forth in paragraph 6 of the Petition, except admits that certain disputes arose between the parties concerning the interpretation of the Contracts and/or the parties' rights and obligations thereunder.

7. First State admits the allegations set forth in paragraph 7 of the Petition.

8. First State admits that Robert Mangino was selected as umpire.

9. First State denies the allegations in paragraph 9, except admits that it objected to TIG's selection of Ronald Jacks as its party-appointed arbitrator at the October 8, 2002 Organizational Meeting, admits that TIG appointed Richard M. Voelbel in his place, and admits that the panel comprised Mangino as umpire, Voelbel as TIG's party-appointed arbitrator and Gass as First State's party-appointed arbitrator.

10. First State admits the allegations set forth in Paragraph 10 of the Petition.

11. First State denies the allegations set forth in paragraph 11 of the Petition, except admits that the briefs attached to the Petition were submitted to the panels.

12. First State admits that a hearing was conducted in Boston, MA from January 7, 2004 to January 9, 2004.

13. First State admits the allegations set forth in paragraph 13 of the Petition.

14. First State denies the allegations set forth in paragraph 14 of the Petition and reserves the right to refer to the transcript of the proceeding for a recitation of what occurred.

15. First State denies the allegations set forth in paragraph 15 of the Petition and reserves the right to refer to the transcript of the proceeding for a recitation of what occurred.

16. First State denies the allegations set forth in paragraph 16 of the Petition and reserves the right to refer to the transcript of the proceeding for a recitation of what occurred.

17. First State admits that on January 30, 2004, the panel rendered an award and respectfully refers the Court to the text of the award for its terms and conditions.

18. First State admits the allegations in paragraph 18 of the Petition, but states that they are irrelevant for the purposes of this proceeding.

19. First State denies the allegations set forth in paragraph 19 of the Petition, states that they are irrelevant for the purposes of the proceeding, and respectfully refers the Court to the document attached as Exhibit 9 to the Petition for its terms and contents.

20. First State states that the allegations set forth in paragraph 20 of the Petition are irrelevant for the purposes of the proceeding, and respectfully refers the Court to the document attached as Exhibit 10 to the Petition for its terms and contents.

21. First State denies the allegations set forth in paragraph 21 of the Petition, states that they are irrelevant for the purposes of this proceeding, and respectfully refers the Court to the documents referred to in that paragraph for their terms and contents.

22. First State states that the allegations set forth in paragraph 22 of the Petition are irrelevant for the purposes of the proceeding, and respectfully refers the Court to the document attached as Exhibit 12 to the Petition for its terms and contents.

23. First State denies the allegations set forth in paragraph 23 of the Petition, states that they are irrelevant for the purposes of this proceeding, and respectfully refers the Court to the document attached as Exhibit 13 to the Petition for its terms and contents.

24. First State denies the allegations set forth in paragraph 24 of the Petition, states that they are irrelevant for the purposes of this proceeding, and respectfully refers the Court to the documents referred to in that paragraph for their terms and contents.

25. First State denies the allegations set forth in paragraph 25 of the Petition, except admits that on August 13, 2004, the panel rendered an award, and respectfully refers to the Court to the document attached as Exhibit 18 to the Petition for its terms and contents.

26. First State denies the allegations set forth in paragraph 26 of the Petition, except admits that it has not challenged the January 30, 2004 award or the August 13, 2004 award (collectively, the "Award").

27. First State admits the allegations set forth in paragraph 27 of the Petition.

28. First State denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 28 of the Petition.

29. First State denies that the "Proposed Order and Judgment" annexed to the Petition as Exhibit 1 accurately reflects the Award.

WHEREFORE, First State does not oppose confirmation of the Award, but respectfully submits that it should not be in the form set forth in the document annexed to the Petition as Exhibit 1, but rather a single sentence declaring that the Award is confirmed.

First State Insurance Company
By its attorneys,

  /s/Thomas M. Elcock
Thomas M. Elcock (BBO #548027)
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, Massachusetts 02109
(617) 456-8000

-and-

4

|  |  |
|---|---|
|  | Mound, Cotton, Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY 10004 |
| Dated: January 25, 2005 | (212) 804-4200 |

## CERTIFICATE OF SERVICE

I, Thomas M. Elcock, hereby certify that on January 25, 2005, I served the within document electronically to Adam G. Cohen, Esq., Cetrulo & Capone, LLP, 2 Seaport Lane, 10th Floor, Boston, MA 02210 and by first class mail postage prepaid upon Michael K. Robles, Esq., Cadwalader, Wickersham and Taft, LLP, 1 World Financial Center, New York, N.Y. 10281.

     /s/Thomas M. Elcock
     Thomas M. Elcock