**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2005 FEB -7 P 3: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

TIG INSURANCE COMPANY,
as successor-in-interest to
TRANSAMERICA INSURANCE COMPANY,

　　　　　　　　　　　　　　Petitioner,

-against-

FIRST STATE INSURANCE COMPANY,

　　　　　　　　　　　　　　Respondent.

**CIVIL ACTION NO.**
**04CV12729MLW**

---

**AFFIDAVIT OF MICHAEL K. ROBLES IN SUPPORT OF**
**TIG'S OPPOSITION TO FIRST STATE'S MOTION TO STRIKE**

I, Michael K. Robles, being duly sworn, do hereby certify, depose and state as follows:

1.　　　　I am an associate with the firm Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281, counsel for the petitioner, TIG Insurance Company, as successor-in-interest to Transamerica Insurance Company ("TIG"). I have been admitted to appear in this proceeding *pro hac vice* on behalf of TIG. I make this affidavit in support of TIG's opposition to the motion of First State Insurance Company to strike statements contained in, and exhibits annexed to, TIG's Petition to Confirm an arbitration award.

2.　　　　Attached hereto as Exhibit A is a true and correct copy of a June 16, 2003 letter from Michael K. Robles to Messrs. Mangino, Gass and Voelbel (collectively, the "Panel").

3.　　　　Attached hereto as Exhibit B is a true and correct copy of a June 16, 2003 letter from Lloyd A. Gura to the Panel.

4.　　　　Attached hereto as Exhibit C is a true and correct copy of a July 7, 2003 order of the Panel.

5.    Attached hereto as Exhibit D is a true and correct copy of a January 4, 2005 email from Michael K. Robles to Lloyd A. Gura.

6.    Attached hereto as Exhibit E is a true and correct copy of this matter's PACER docket (as of February 4, 2005).

SIGNED UNDER THE PENALTIES OF PERJURY THIS 4th DAY OF FEBRUARY, 2005.

Michael K. Robles
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
(212) 504-6000

State of New York        )
                         ) ss.
County of New York       )

On this 4th day of February, 2005, before me personally appeared Michael K. Robles, executing the above instrument, and acknowledged said instrument to be his free and voluntary act and deed.

Notary Public
Commission Expires: MAUREEN P. PERRY
Notary Public, State Of New York
No. 01PE6077965
Qualified In Kings County
Commission Expires July 22, 2006

# CADWALADER

*Cadwalader, Wickersham & Taft LLP*

100 Maiden Lane
New York, NY 10038
Tel: 212 504-6000
Fax: 212 504-6666

New York
Charlotte
Washington
London

Michael K. Robles
Direct Dial: (212) 504-6582
Direct Fax: (212) 504-6666
E-Mail: michael.robles@cwt.com

June 16, 2003

**VIA FACSIMILE**

Robert Mangino, Sr., Esq.
78 May Drive
Chatham, NJ 07928

Ronald S. Gass, Esq.
The Gass Company, Inc.
59 Ravenwood Drive
Weston, CT  06883-1410

Richard L. Voelbel, Esq.
Zelle, Hofmann, Voelbel & Gette, LLP
City Center, Suite 4400
33 South Sixth Street
Minneapolis, MN  55402

Re:     Arbitration between First State and TIG

Gentlemen:

In accordance with the Panel's May 21, 2003 order, we write to ask the Panel to approve the confidentiality agreement proposed by TIG (Exhibit 1 hereto) and to reject the agreement proposed by First State (Exhibit 2 hereto).  There are five substantive differences between the parties.  We discuss those differences below.

I. Procedural History

At the February 3, 2003 Organizational Meeting (at 38), the Panel held that "there should be some confidentiality involved in this arbitration" and asked the parties to

Robert Mangino, Sr., Esq.
Ronald S. Gass, Esq.
Richard L. Voelbel, Esq.                    -2-                    June 16, 2003

negotiate the terms of a confidentiality agreement. TIG marked-up the proposal that First State had circulated in advance of the Organizational Meeting and forwarded the revised agreement to First State. First State flatly rejected each revision proposed by TIG and stated that further discussion would be pointless.[1]

II. Points of Contention

    A. Scope of Arbitration Information

In each party's draft, paragraph 2 sets forth the scope of materials subject to confidential treatment ("Arbitration Information" or "Arbitration Materials"). As indicated above, First State's definition is all-encompassing. Under First State's definition, nothing is excluded, everything produced or exchanged by the parties and/or the Panel is confidential, irrespective of the document's content. First State's definition includes all "information exchanged in connection with the proceeding."

First State's definition is facially overbroad. While TIG is prepared to agree that most documents created specifically for this arbitration should be accorded confidential status (for example, briefs, correspondence and hearing transcripts), TIG does not agree that documents created in the ordinary course of business – sometimes decades ago -- are confidential or should be so treated. Nothing in the Treaties (or industry custom and practice) affords confidentiality to First State's underwriting, claim and accounting records. To the contrary, the access to records clause makes plain that those documents are freely discoverable by TIG without restriction.

TIG also does not agree that Panel rulings and awards should be treated confidentially. The Panel's deliberations are obviously sacrosanct and should remain private for all time. The Panel's conclusions are not entitled to the same treatment.

---

[1] TIG's proposal seeks to accommodate the parties' competing interests in confidentiality and to implement the Panel's order that "some confidentiality" is appropriate.

Robert Mangino, Sr., Esq.
Ronald S. Gass, Esq.
Richard L. Voelbel, Esq.                    -6-                    June 16, 2003

In sum, we ask the Panel to adopt the confidentiality agreement proposed by TIG. TIG's proposal balances the parties' competing interests in confidentiality and fully implements the Panel's order to afford the proceeding "some confidentiality."

Respectfully,

Michael K. Robles

cc:    Lloyd A. Gura, Esq.

# EXHIBIT 1

In the Matter of the Arbitration

between

FIRST STATE INSURANCE GROUP,

Petitioner,

and

TIG Insurance Company,

Respondent.

## CONFIDENTIALITY AGREEMENT

1. The parties intending to be bound by this agreement (hereinafter collectively referred to as "the parties") are:

   a. First State Insurance Group and its parent corporations, subsidiaries, affiliates, agents, attorneys, employees, officers and directors ("First State");

   b. TIG Insurance Company and its parent corporations, subsidiaries, affiliates, attorneys, agents, employees, officers and directors ("TIG"); and

   c. the members of the Panel.

2. Except as provided in Paragraphs 3 and 4 below, the parties agree that all briefs, depositions, correspondence and hearing transcripts generated in the course of this arbitration and all documents created specifically for use in the arbitration or produced in the proceedings by First State or TIG (hereinafter the "Arbitration Materials") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

3. Disclosure of Arbitration Materials may be made: (a) to TIG's retrocessionaires (if any); (b) in connection with court proceedings relating to any aspect of the arbitration, including,

but not limited to, motions to confirm, modify or vacate an arbitration ruling or award; (c) First State's or TIG's auditors, actuaries and/or consultants; (d) as necessary, to comply with subpoenas, discovery requests or orders of any court or arbitration panel; and (e) to federal or state regulatory authorities or to comply with any legal obligation. Disclosures pursuant to subparagraphs (a) and (c) shall be accompanied by a copy of this Confidentiality Agreement and a request to the recipient to maintain the confidentiality of all Arbitration Materials. Disclosures pursuant to subparagraph (b) may be made without placing the court file under seal. If Arbitration Materials are publicly filed with a court, First State or TIG may ask the court to impound (seal) its file. If any party is requested or required under subparagraph (d) to disclose Arbitration Materials, that party, subject to any applicable legal restrictions, will give written notice to all other parties as soon as possible after the subpoena, discovery request or court order is received.

4. For the purpose of conducting this arbitration, Arbitration Materials may be disclosed to:

      a. the arbitration panel and/or court reporters;

      b. counsel for a party or employees of counsel's law firm who are assisting counsel;

      c. employees and agents of First State and TIG for purposes consistent with this agreement;

      d. any deponent or trial witness; and

      e. any person retained by counsel to assist in this arbitration.

5. First State or TIG may apply to the panel or, if the panel has been discharged, to a court of competent jurisdiction for amendment to, or relief from, any of the provisions of this Agreement. The terms of this Agreement may also be modified, or waived, in writing signed by

-2-

First State and TIG.

6. The obligations of this Agreement will terminate on the fifth anniversary following the arbitration's resolution.

7. Nothing in this Agreement will require counsel to accord any special treatment to its files relating to the arbitration.

MEMBERS OF THE PANEL:

Arbitrator: _____

Arbitrator: _____

Umpire: _____

**AGREED:**

TIG INSURANCE COMPANY

By:_____

Cadwalader, Wickersham & Taft
Attorneys for Respondent
TIG Insurance Company
100 Maiden Lane
New York, NY  10038

FIRST STATE INSURANCE GROUP

By:_____

Mound, Cotton, Wollan & Greengrass
Attorneys for Petitioner
First State Insurance Group
One Battery Park Plaza
New York, NY  10004-1486

-3-

# EXHIBIT 2

```
-------------------------------------------------------------X
```
In the Matter of the Arbitration Between

FIRST STATE INSURANCE GROUP,

                     Petitioner,

                                                   Before Panel Members:

-and-                                      Robert M. Mangino
                                                  Ronald S. Gass
                                                    Richard L. Voelbel

TIG INSURANCE COMPANY f/k/a
TRANSAMERICA INSURANCE COMPANY,

                     Respondent.
```
-------------------------------------------------------------X
```

## PROPOSED CONFIDENTIALITY AGREEMENT

1.     The parties bound by this agreement are:

     a.    First State Insurance Group and its parent corporations, subsidiaries, members, affiliates, agents, attorneys, employees, officers, and directors;

     b.    TIG Insurance Company f/k/a Transamerica Insurance Company and its parent corporation, subsidiaries, affiliates, agents, attorneys, employees, officers, and directors; and

     c.    Members of the Panel.

2.     For purposes of this agreement, the term "Arbitration Information" shall mean:

     a.    all pleadings, position statements, briefs, exhibits, and deposition and hearing transcripts generated or used in the course of this arbitration;

     b.    all documents created and/or produced for the arbitration by the opposing party or third-parties;

     c.    the Panel's final award and any interim awards/decisions; and

     d.    all correspondence, oral discussions, and information exchanged in connection with the proceedings.

3.     Except as otherwise provided herein, all Arbitration Information shall be kept confidential and shall be used solely for purposes of this proceeding and for no other purpose.

4.  Disclosure of Arbitration Information may be made:

   a.  to TIG's retrocessionaires (if any) for the purpose of securing payment;

   b.  in connection with court proceedings relating to any aspect of the arbitration, including, but not limited to, motions to confirm, modify, or vacate an arbitration award;

   c.  as necessary, to financial auditors and/or actuaries retained by either of the parties;

   d.  to federal or state regulatory authorities.

5.  Disclosure made pursuant to paragraphs 4(a) and 4(c) shall not be permitted unless the recipient signs a written acknowledgment confirming that he or she has read this agreement, understands its terms, and agrees to be bound by them.   Copies of the written acknowledgment shall be provided to opposing counsel.

6.  In connection with any disclosure made pursuant to paragraph 4(b), neither party will oppose a request by the other to place the proceeding under seal (if not originally filed under seal).

7.  In connection with any disclosure made pursuant to paragraph 4(d), if either party is requested or required to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other party as soon as possible after the subpoena, discovery request, or court order is received.

8.  For the purpose of these proceedings, Arbitration Information may be disclosed to:

   a.  the arbitration panel;

   b.  counsel for a party and employees of counsel's law firm;

   c.  employees and agents of the parties for purposes consistent with this agreement; and

   d.  any person retained by counsel on behalf of a party to assist in this arbitration and any non-party deposition or trial witness, provided that such person shall execute a copy of this agreement and agree to be bound by its terms prior to receipt of or access to Arbitration Information.   All such executed agreements must be delivered to opposing counsel immediately.

9.  After the arbitration and related court action, if any, has been concluded, all materials under paragraph 2(b) shall, upon demand, be returned to the producing party or destroyed.  If a party elects to destroy these materials, it shall submit an affidavit so attesting.

10.  The obligations of this agreement shall not terminate upon the conclusion of the arbitration but shall continue until waived by both parties in a signed writing.

11.    Either party may apply to the Panel or, if the Panel has been discharged, to a court of competent jurisdiction, for amendment to or relief from any of the provisions of this agreement. The terms of this agreement may also be modified or waived in writing signed by the parties.

AGREED:

FIRST STATE INSURANCE GROUP                    TIG INSURANCE COMPANY


By: _____             By: _____

MOUND, COTTON, WOLLAN                          CADWALADER, WICKERSHAM
& GREENGRASS                                   & TAFT

Attorneys for Petitioner                       Attorneys for Respondent
First State Insurance Group                     TIG Insurance Company
One Battery Park Plaza                          100 Maiden Lane
New York, NY 10004                              New York, NY 10038

Dated:                                          Dated:


FIRST STATE INSURANCE GROUP                    TIG INSRUANCE COMPANY, f/k/a
                                               TRANS AMERICA INSURANCE
                                               COMPANY


By:_____              By:_____

Dated:                                          Dated:


3

MOUND, COTTON, WOLLAN & GREENGRASS
COUNSELLORS AT LAW

ONE BATTERY PARK PLAZA
NEW YORK, NY 10004-1486

(212) 804-4200

FAX: (212) 344-8066

WWW.MOUNDCOTTON.COM

ONE RIVERFRONT PLAZA
NEWARK, NJ 07102-5497
(973) 242-2050

1700 CALIFORNIA STREET
SAN FRANCISCO, CA 94109-4590
(415) 434-4301

LONGBOW HOUSE
14-20 CHISWELL STREET
LONDON EC1Y 4TY
(207) 638-3688

LLOYD A. GURA
(212) 804-4282
LGURA@MOUNDCOTTON.COM

June 16, 2003

VIA E-MAIL

Robert M. Mangino, Esq.
78 May Drive
Chatham, New Jersey 07928

Ronald S. Gass
The Gass Company, Inc.
59 Ravenwood Drive
Weston, Connecticut 06883-1410

Richard Voelbel, Esq.
Zelle, Hofmann, Voelbel & Gette
City Center, Suite 4400
33 South Sixth Street
Minneapolis, Minnesota 55402

> Re:    In the Matter of the Arbitration Between
>        First State Insurance Group and TIG Insurance Company
>        Our File No.: 213.16

Dear Panel Members:

In accordance with the Panel's May 21 order, we write to highlight the substantive differences in the parties' Proposed Confidentiality Agreements and to request that the Panel adopt First State's proposed agreement in its entirety. First State's confidentiality agreement is attached as Exhibit 1 and TIG's confidentiality agreement is attached as Exhibit 2.

As a preliminary observation, we note that TIG's proposed agreement, unlike First State's, differs in several material aspects from the standard confidentiality agreement

MOUND, COTTON, WOLLAN & GREENGRASS

Panel Members
June 16, 2003
Page 2

recommended by ARIAS-US. (Exhibit 3). This, of course, reveals the true purpose of TIG's proposed draft: to create as many opportunities as possible to avoid upholding the confidentiality of this proceeding. The Panel should note that the ARIAS-US sample confidentiality agreement provides that, "In all contexts, both parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will *cooperate with each other in resisting or limiting disclosure of Arbitration Information*" (emphasis added) (¶ 3). Even a cursory reading of the agreement submitted by TIG reveals a completely opposite intent.

I.      *Panel Awards and Interim Decisions*

First State's confidentiality agreement requires that panel awards be kept confidential (¶ 2(c)) while TIG's proposal exempts panel awards from confidentiality by limiting the definition of "Arbitration Materials" to briefs, depositions, correspondence, and hearing transcripts (¶ 2).

The confidentiality agreement recommended by ARIAS-US specifically includes "final award and any interim decisions" in its definition of materials that are to be kept confidential. (See attached, ¶ 2). In order to ensure that confidentiality is maintained, panel awards must be kept confidential; otherwise, once a decision is rendered, a party may simply publish the award in court or another public forum, such as a Mealey's publication, thereby potentially destroying confidentiality and opening the arbitration, as well as the underlying facts, documents, testimony, and other materials, to inquiry from third parties. The better practice, as recognized by ARIAS-US, is simply to require that awards, both final and interim, be deemed confidential.

II.     *Filing Under Seal*

First State's draft agreement requires that, if either party seeks to file confidential materials in court, neither party will oppose a request by the other to place those materials under seal (¶¶ 4(b), 5) while TIG's proposal permits such materials to be filed without placing them under seal (¶ 3). For the reasons discussed above, allowing a party to publicly file confidential arbitration information in court – without also requiring filing under seal or mandating that neither party oppose a request to file under seal – effective abrogates confidentiality.

Again, recognizing the importance of confidentiality and the significance of court filings, ARIAS-US recommends that confidentiality agreements provide that the "parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed" (¶ 3).

Therefore, we urge the Panel to adopt First State's proposed language – similar in principle to that advocated by ARIAS-US – that neither party will oppose a request by the other to place under seal confidential materials filed in court.

MOUND, COTTON, WOLLAN & GREENGRASS

Panel Members
June 16, 2003
Page 3

*III.    Disclosure to Retrocessionaires*

First State's proposed agreement requires that disclosure of confidential arbitration materials may not be made to retrocessionaires unless the recipient signs a written acknowledgement agreeing to be bound by the terms of the confidentiality agreement (¶¶ 4(a), 5) while TIG's draft merely requires that disclosures to retrocessionaires be accompanied by a copy of the agreement and a request to maintain confidentiality (¶ 3).

The situation confronting the Panel in this very arbitration illustrates why TIG's proposed language is wholly insufficient to ensure confidentiality. A retrocessionaire that is merely asked to maintain confidentiality, rather than required to sign an acknowledgement agreeing to be bound to the terms of the agreement itself, has no real obligation to preserve the confidentiality of arbitration materials that it receives in the regular course of its business. Indeed, TIG received such information from its reinsured, Philadelphia Re, with an express caveat that such information was confidential and for TIG's use only. Rather than heed Philadelphia Re's request to maintain confidentiality, TIG disclosed those materials in this arbitration and now seeks – and has been granted – access to certain witness testimony from other confidential proceedings.

Had TIG been asked to sign an acknowledgement agreeing to be bound by the terms of the First State/Philadelphia Re confidentiality agreement, (as required by the terms of that agreement), TIG would have been barred from disclosing in this arbitration any confidential materials from the prior proceeding – precisely what First State and Philadelphia Re desired and intended when they entered into the confidentiality agreement.[1]

In short, a simple request from a reinsured that its retrocessionaires keep particular information confidential is not enough. Retrocessionaires must be asked to sign an acknowledgement agreeing to be bound by the terms of the agreement itself. We ask that the Panel incorporate this language into the parties' final confidentiality agreement.

*IV.    Confidentiality Agreement Remains in Effect*

First State's proposed language requires that the obligations of the confidentiality agreement shall continue until waived by both parties (¶ 10) while TIG's proposal allows those obligations to terminate on "the fifth anniversary following the arbitration's resolution" (¶ 6). Once again, First State's draft agreement is in accord with the language advocated by ARIAS-US: "This Confidentiality Agreement will remain in effect even after the conclusion of the arbitration proceedings" (¶ 2).

---

[1] Of course, at this time, we have no way of knowing if Phil Re requested TIG to sign a confidentiality provision.

MOUND, COTTON, WOLLAN & GREENGRASS

Panel Members
June 16, 2003
Page 4

As the Panel well knows, claims subject to arbitration, such as those at issue here, are frequently long-tail in nature and do not result in losses to treaties or other reinsurance contracts until years or even decades later. Moreover, years often pass before unpaid or partially paid claims are actually arbitrated. Thus, TIG's suggested language that the parties terminate their obligations under the agreement after just five years ignores the realities of reinsurance practice and arbitration.

Accordingly, we request that the Panel adopt First State's suggested language that requires the terms of the confidentiality agreement to remain in effect until waived by both parties.

V.     Treatment of Files

TIG proposes the following language in ¶ 7:  "Nothing in this Agreement will require counsel to accord any special treatment to its files relating to the arbitration." First State objects to this provision because it is vague and superfluous. Inasmuch as ambiguous contract language only serves to create difficulties in interpretation and application, we ask that this language be stricken from any final confidentiality agreement adopted by the Panel.

VI.    Conclusion

For the reasons stated above, we ask that the Panel adopt First State's proposed confidentiality agreement in its entirety. At a minimum, we request that the Panel, consistent with the standard ARIAS-US confidentiality agreement, adopt those provisions of First State's proposed agreement relating to the confidentiality of panel awards, filing under seal, the requirement that retrocessionaires sign an acknowledgment agreeing to the terms of the agreement, and the parties' obligation to abide by the terms of the agreement after the arbitration concludes.

Very truly yours,

LAG:cer
Attachments

cc:    Michael K. Robles, Esq.
       Susan E. Grondine, Esq.

# EXHIBIT 1

)                                              )

------------------------------------------------------------X

In the Matter of the Arbitration Between

FIRST STATE INSURANCE GROUP,

                           Petitioner,

-and-

TIG INSURANCE COMPANY f/k/a
TRANSAMERICA INSURANCE COMPANY,

                           Respondent.

------------------------------------------------------------X

Before Panel Members:

Robert M. Mangino
Ronald S. Gass
Richard L. Voelbel

## PROPOSED CONFIDENTIALITY AGREEMENT

1.     The parties bound by this agreement are:

      a.     First State Insurance Group and its parent corporations, subsidiaries, members, affiliates, agents, attorneys, employees, officers, and directors;

      b.     TIG Insurance Company f/k/a Transamerica Insurance Company and its parent corporation, subsidiaries, affiliates, agents, attorneys, employees, officers, and directors; and

      c.     Members of the Panel.

2.     For purposes of this agreement, the term "Arbitration Information" shall mean:

      a.     all pleadings, position statements, briefs, exhibits, and deposition and hearing transcripts generated or used in the course of this arbitration;

      b.     all documents created and/or produced for the arbitration by the opposing party or third-parties;

      c.     the Panel's final award and any interim awards/decisions; and

      d.     all correspondence, oral discussions, and information exchanged in connection with the proceedings.

3.     Except as otherwise provided herein, all Arbitration Information shall be kept confidential and shall be used solely for purposes of this proceeding and for no other purpose.

4.    Disclosure of Arbitration Information may be made:

    a.    to TIG's retrocessionaires (if any) for the purpose of securing payment;

    b.    in connection with court proceedings relating to any aspect of the arbitration, including, but not limited to, motions to confirm, modify, or vacate an arbitration award;

    c.    as necessary, to financial auditors and/or actuaries retained by either of the parties;

    d.    to federal or state regulatory authorities.

5.    Disclosure made pursuant to paragraphs 4(a) and 4(c) shall not be permitted unless the recipient signs a written acknowledgment confirming that he or she has read this agreement, understands its terms, and agrees to be bound by them.    Copies of the written acknowledgment shall be provided to opposing counsel.

6.    In connection with any disclosure made pursuant to paragraph 4(b), neither party will oppose a request by the other to place the proceeding under seal (if not originally filed under seal).

7.    In connection with any disclosure made pursuant to paragraph 4(d), if either party is requested or required to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other party as soon as possible after the subpoena, discovery request, or court order is received.

8.    For the purpose of these proceedings, Arbitration Information may be disclosed to:

    a.    the arbitration panel;

    b.    counsel for a party and employees of counsel's law firm;

    c.    employees and agents of the parties for purposes consistent with this agreement; and

    d.    any person retained by counsel on behalf of a party to assist in this arbitration and any non-party deposition or trial witness, provided that such person shall execute a copy of this agreement and agree to be bound by its terms prior to receipt of or access to Arbitration Information.    All such executed agreements must be delivered to opposing counsel immediately.

9.    After the arbitration and related court action, if any, has been concluded, all materials under paragraph 2(b) shall, upon demand, be returned to the producing party or destroyed.    If a party elects to destroy these materials, it shall submit an affidavit so attesting.

10.    The obligations of this agreement shall not terminate upon the conclusion of the arbitration but shall continue until waived by both parties in a signed writing.

11.  Either party may apply to the Panel or, if the Panel has been discharged, to a court of competent jurisdiction, for amendment to or relief from any of the provisions of this agreement. The terms of this agreement may also be modified or waived in writing signed by the parties.

AGREED:

FIRST STATE INSURANCE GROUP          TIG INSURANCE COMPANY


By: _____          By: _____

MOUND, COTTON, WOLLAN               CADWALADER, WICKERSHAM
& GREENGRASS                         & TAFT

Attorneys for Petitioner              Attorneys for Respondent
First State Insurance Group            TIG Insurance Company
One Battery Park Plaza                 100 Maiden Lane
New York, NY  10004                   New York, NY  10038

Dated:                                Dated:



FIRST STATE INSURANCE GROUP          TIG INSRUANCE COMPANY, f/k/a
                                     TRANS AMERICA INSURANCE
                                     COMPANY


By: _____          By: _____

Dated:                                Dated:

3

**EXHIBIT 2**

In the Matter of the Arbitration

      between

FIRST STATE INSURANCE GROUP,

                            Petitioner,

      and

TIG Insurance Company,

                            Respondent.

## CONFIDENTIALITY AGREEMENT

1.   The parties intending to be bound by this agreement (hereinafter collectively referred to as "the parties") are:

     a.  First State Insurance Group and its parent corporations, subsidiaries, affiliates, agents, attorneys, employees, officers and directors ("First State");

     b.  TIG Insurance Company and its parent corporations, subsidiaries, affiliates, attorneys, agents, employees, officers and directors ("TIG"); and

     c.  the members of the Panel.

2.   Except as provided in Paragraphs 3 and 4 below, the parties agree that all briefs, depositions, correspondence and hearing transcripts generated in the course of this arbitration and all documents created specifically for use in the arbitration or produced in the proceedings by First State or TIG (hereinafter the "Arbitration Materials") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

3.   Disclosure of Arbitration Materials may be made:  (a) to TIG's retrocessionaires (if any); (b) in connection with court proceedings relating to any aspect of the arbitration, including,

but not limited to, motions to confirm, modify or vacate an arbitration ruling or award; (c) First State's or TIG's auditors, actuaries and/or consultants; (d) as necessary, to comply with subpoenas, discovery requests or orders of any court or arbitration panel; and (e) to federal or state regulatory authorities or to comply with any legal obligation. Disclosures pursuant to subparagraphs (a) and (c) shall be accompanied by a copy of this Confidentiality Agreement and a request to the recipient to maintain the confidentiality of all Arbitration Materials. Disclosures pursuant to subparagraph (b) may be made without placing the court file under seal. If Arbitration Materials are publicly filed with a court, First State or TIG may ask the court to impound (seal) its file. If any party is requested or required under subparagraph (d) to disclose Arbitration Materials, that party, subject to any applicable legal restrictions, will give written notice to all other parties as soon as possible after the subpoena, discovery request or court order is received.

4. For the purpose of conducting this arbitration, Arbitration Materials may be disclosed to:

    a. the arbitration panel and/or court reporters;

    b. counsel for a party or employees of counsel's law firm who are assisting counsel;

    c. employees and agents of First State and TIG for purposes consistent with this agreement;

    d. any deponent or trial witness; and

    e. any person retained by counsel to assist in this arbitration.

5. First State or TIG may apply to the panel or, if the panel has been discharged, to a court of competent jurisdiction for amendment to, or relief from, any of the provisions of this Agreement. The terms of this Agreement may also be modified, or waived, in writing signed by

-2-

NYLIB2 197824.1

First State and TIG.

6.  The obligations of this Agreement will terminate on the fifth anniversary following the arbitration's resolution.

7.  Nothing in this Agreement will require counsel to accord any special treatment to its files relating to the arbitration.

MEMBERS OF THE PANEL:

Arbitrator: _____

Arbitrator: _____

Umpire: _____

**AGREED:**

TIG INSURANCE COMPANY

By:_____

Cadwalader, Wickersham & Taft
Attorneys for Respondent
TIG Insurance Company
100 Maiden Lane
New York, NY  10038

FIRST STATE INSURANCE GROUP

By:_____

Mound, Cotton, Wollan & Greengrass
Attorneys for Petitioner
First State Insurance Group
One Battery Park Plaza
New York, NY  10004-1486

NYLIB2 197824.1

**EXHIBIT 3**

**3.3 CONFIDENTIALITY AGREEMENT**

_____          :

In the Matter of the Arbitration Between          :
                                                                          :
                                          ,                        :
                                     Petitioner,          :
          - and -                                                :
                                                                          :
                                                                          :
                                          ,                        :
                                     Respondent.          :
                                                                          :
_____          :

1. The parties intending to be bound by this agreement are:

    a. The _____ and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors.

    b. The _____ and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors.

2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, _____ and _____ agree that all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

3. Disclosure of Arbitration Information may be made: (a) to the extent necessary to secure payment from retrocessionaires; (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award; (c) as is necessary in communications with auditors retained by either of the parties hereto, or federal or state regulators; and (d) as is necessary in order to comply with subpoenas, discovery request or orders of any court. Any disclosures pursuant to subparagraphs (a) and (c) shall be accompanied by a copy of this Confidentiality Agreement and an instruction to any recipient to maintain the confidentiality of all Arbitration Information. In connection with any disclosures pursuant to subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed. If either party is requested or required under subparagraph (d) to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other as soon as possible after the

subpoena, discovery request or court order is received. In all contexts, both parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

4. For the purpose of conducting this arbitration, Arbitration Information may be disclosed on an as needed or as appropriate basis to the following persons only:

    a. the arbitration panel, who evidence by their execution hereof their undertaking to maintain Arbitration Information in confidence as set forth herein;

    b. counsel for a party or employees of counsel's law firm who are assisting counsel;

    c. employees and agents of the parties for purposes consistent with this agreement;

    d. any party deposition or trial witness;

    e. any person retained by counsel for a party to assist in this arbitration; provided, however, that such person shall be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to material produced in this arbitration, an affidavit in the form attached hereto as Exhibit A; or

    f. any non-party deposition or trial witness; provided, however, that such person shall be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to material produced in this arbitration, an affidavit in the form attached hereto as Exhibit A.

Members of the Panel:


Arbitrator: _____

Arbitrator: _____

Umpire: _____


AGREED:


_____    _____
Attorney for Petitioner          Attorney for Respondent


Dated: _____

EXHIBIT A – Confidentiality Affidavit (to be attached here)

# ARBITRATION

Between
First State Insurance Company,
Claimant

and

Transamerica Insurance Company,
Respondent

Arbitrators

Ronald S. Gass

Richard L. Voelbel

Robert M. Mangino, Umpire

## ORDER

The parties have not been able to reconcile their different approaches to maintaining the confidentiality of this arbitration. The parties submitted a draft Confidentiality Agreement to the Panel along with arguments to support differences in their respective wording and requested the Panel to advise them on acceptable wording for an Agreement. The Panel proposes the following guidelines and directs the parties, in keeping with these guidelines, to draft an appropriate Confidentiality Agreement for this arbitration.

Scope of Arbitration Information
The scope would include all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings. All documents produced in this arbitration by the opposing party or third parties shall be used solely for the purposes of this arbitration and not disclosed to any third parties; however, documents generated in the ordinary course of business and produced in this proceeding may be subject to discovery in other arbitration or legal proceedings directly from the producing party notwithstanding this Confidentiality Agreement.

Disclosure of Arbitration Information
1. With respect to disclosure of confidential arbitration information to retrocessionnaires, it may only be made to secure payment from said retrocessionnaires.

2. A majority of the Panel rules that arbitration information may be disclosed as is necessary in order to comply with subpoenas, discovery requests or orders of any court or arbitration panel.

3. Disclosures of arbitration information to retrocessionnaires, auditors or actuaries shall be accompanied by a copy of the Confidentiality Agreement and an instruction to any recipient to maintain the confidentiality of all arbitration information.

Court Proceedings: Sealing
        Subject to court approval, all submissions of arbitration information to a
court shall be sealed.

Return of Documents
        Documents created and/or produced for the arbitration by the opposing
party or third parties do not have to be returned to the producing party or destroyed;
however, they shall continue to be subject to this Confidentiality Agreement.

Termination of Agreement
        The Confidentiality Agreement will remain in effect after conclusion of
the arbitration proceedings.


On behalf of the Panel:

Robert M. Mangino, Umpire

Dated July 7, 2003



**Michael Robles**

To: "Lloyd Gura" <lgura@moundcotton.com>
cc: John Finnegan/NY/CWT@CWT, acohen@cetcap.com
Subject: First State v TIG

01/04/2005 09:43 AM

Lloyd,

Attached is Judge Wolf's order denying TIG's motion for a temporary restraining order sealing the court file in the confirmation proceeding until such time as the court can hear and consider First State's position on the issue. For your information, it appears (based upon the PACER database) that the Petition and the exhibits to the Petition remain under seal despite the Court's order. We do not know if the petition and exhibits will remain under seal and the fact that the PACER system reflects that they remain under seal may be due solely to a processing delay.

In any event, TIG has no preference concerning whether the court file for this proceeding is sealed in whole or in part. However, if First State believes that a sealing order is necessary, First State may state (in any motion seeking such relief), that TIG does not object to the court sealing the file in whole or in part.

Mike

Order .pdf

Michael K. Robles, Esq.
Cadwalader, Wickersham & Taft LLP
100 Maiden Lane
New York, New York 10038
(212) 504-6582

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIG INSURANCE COMPANY,           )
     Plaintiff,                  )
                                 )
          v.                     )     C. A. No. 04-12729-MLW
                                 )
FIRST STATE INSURANCE COMPANY,)
     Defendant.                  )

ORDER

WOLF, D.J.                                    January 3, 2005

        No motion to seal any or all of the submissions in this case

has been filed as required by Rule 7.2 of the Local Rules of the

United States District Court for the District of Massachusetts. If

either party seeks to have the Petition to Confirm the Arbitration

Award (Docket No. 3) sealed, it shall, by January 7, 2005, file a

motion that conforms with the requirements of Local Rule 7.2.

        As it does not comport with the procedure for requesting

impoundment established by Local Rule 7.2, Petitioner's Emergency

Motion (Docket No. 2) is hereby DENIED.




                              /s/ MARK L. WOLF
                         UNITED STATES DISTRICT JUDGE

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:04-cv-12729-MLW

TIG Insurance Company v. Transamerica Insurance
Company et al
Assigned to: Judge Mark L. Wolf
Cause: 09:1 U.S. Arbitration Act

Date Filed: 12/30/2004
Jury Demand: None
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

**Petitioner**

**TIG Insurance Company**
*as successor-in-interest to*
*Transamerica Insurance Company*

represented by **Adam G Cohen**
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
212-504-6000
Fax: 212-504-6666
Email: acohen@cetcap.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John F. Finnegan**
Cadwalader,Wickersham & Taft
100 Maiden Lane
New York, NY 10038
212-504-6000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael K. Robles**
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038
212-504-5555
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Transamerica Insurance Company**

represented by **Adam G Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John F. Finnegan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael K. Robles**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**First State Insurance Company**          represented by  **Lloyd A. Gura**
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, NY 10004-1486
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Elcock**
Prince, Lobel Glovsky & Tye LLP
Suite 2
585 Commercial Street
Boston, MA 02109
617-456-8000
Fax: 617-456-8100
Email: tmelcock@plgt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/30/2004 | 1 | NOTICE of Petition to Confirm Arbitration Award by TIG Insurance Company, FILED. (Boyce, Kathy) (Entered: 12/30/2004) |
| 12/30/2004 | 2 | Emergency MOTION for Order to Show Cause by TIG Insurance Company, FILED.(Boyce, Kathy) (Entered: 12/30/2004) |
| 12/30/2004 | 3 | SEALED DOCUMENT placed in secure file room. (Boyce, Kathy) (Entered: 12/30/2004) |
| 12/30/2004 |  | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Alexander. (Boyce, Kathy) (Entered: 12/30/2004) |
| 12/30/2004 |  | Summons Issued as to First State Insurance Company (Boyce, Kathy) (Entered: 12/30/2004) |
| 12/30/2004 | 4 | MEMORANDUM of Law in Support re 2 MOTION for Order to Show Cause filed by TIG Insurance Company, Transamerica Insurance Company, FILED, c/s. (Boyce, Kathy) (Entered: 12/30/2004) |
| 12/30/2004 | 5 | AFFIDAVIT of Adam Cohen in Support re 2 MOTION for Order to Show Cause filed by TIG Insurance Company, FILED. (Boyce, Kathy) (Entered: 12/30/2004) |
| 12/30/2004 | 6 | CORPORATE DISCLOSURE STATEMENT by TIG Insurance |

| | | |
|---|---:|---|
| | | Company. FILED. (Boyce, Kathy) (Entered: 12/30/2004) |
| 01/03/2005 | 7 | Judge Mark L. Wolf: ORDER entered denying 2 Motion for Order to Show Cause. (O'Leary, Dennis) (Entered: 01/03/2005) |
| 01/07/2005 | 8 | Return of Service of Document No. 3 upon Deft First State Insurance Company on 1/3/05, FILED. (Boyce, Kathy) (Entered: 01/19/2005) |
| 01/07/2005 | 9 | NOTICE of Appearance by Thomas M. Elcock on behalf of First State Insurance Company, FILED, c/s. (Boyce, Kathy) (Entered: 01/20/2005) |
| 01/07/2005 | 10 | MOTION for an Order of Impoundment And Sealing of Confidential Material Pursuant to Local Rule 7.2 by First State Insurance Company. FILED, c/s.(Boyce, Kathy) (Entered: 01/20/2005) |
| 01/07/2005 | 11 | MEMORANDUM in Support of 10 MOTION for an Order of Impoundment And Sealing of Confidentail Material Pursuant to Local Rule 7.2 filed by First State Insurance Company. FILED, c/s. (Boyce, Kathy) Additional attachment(s) added on 1/20/2005 (Boyce, Kathy). (Entered: 01/20/2005) |
| 01/07/2005 | 12 | DECLARATION of Thomas M. Elcock by First State Insurance Company, FILED. (Boyce, Kathy) (Entered: 01/20/2005) |
| 01/07/2005 | 13 | CORPORATE DISCLOSURE STATEMENT by First State Insurance Company, FILED. (Boyce, Kathy) (Entered: 01/20/2005) |
| 01/11/2005 | 14 | RESPONSE to Motion re 10 MOTION for an Order of Impoundment filed by TIG Insurance Company, FILED, c/s. (Boyce, Kathy) (Entered: 01/20/2005) |
| 01/11/2005 | 15 | MOTION for Leave to Appear Pro Hac Vice by Lloyd A. Gura by First State Insurance Company, FILED, c/s.(Boyce, Kathy) (Entered: 01/20/2005) |
| 01/11/2005 | 16 | Application/Declaration for Pro Se Certification re 15 MOTION for Leave to Appear Pro Hac Vice by Lloyd A. Gura by First State Insurance Company, FILED, c/s. (Boyce, Kathy) (Entered: 01/20/2005) |
| 01/12/2005 | 17 | MOTION for Leave to Appear Pro Hac Vice by John F. Finnegan and Michael K. Robles Filing fee $ 100.00, receipt number 61483. by TIG Insurance Company, FILED, c/s.(Boyce, Kathy) (Entered: 01/20/2005) |
| 01/12/2005 | 18 | AFFIDAVIT John F. Finnegan in Support of 17 MOTION for Leave to Appear Pro Hac Vice by John F. Finnegan and Michael K. Robles Filing fee $ 100.00, receipt number 61483, FILED, c/s. (Boyce, Kathy) (Entered: 01/20/2005) |
| 01/24/2005 | 20 | MOTION for Extension of Time to 1/25/05 to Serve and File its Answer re 3 Sealed document by First State Insurance Company, FILED, c/s. (Boyce, Kathy) (Entered: 01/28/2005) |
| 01/24/2005 | 21 | MOTION to Strike Certain Portions of 3 Sealed document placed in secure file room. by First State Insurance Company, FILED, c/s.(Boyce, Kathy) (Entered: 01/28/2005) |

| 01/24/2005 | 22 | MEMORANDUM OF LAW in Support of 21 MOTION to Strike Certain Portions of 3 Sealed document filed by First State Insurance Company, FILED, c/s. (Boyce, Kathy) (Entered: 01/28/2005) |
| 01/25/2005 | 19 | ANSWER to Complaint /Petition by First State Insurance Company. (Elcock, Thomas) (Entered: 01/25/2005) |
| 01/26/2005 | | Judge Mark L. Wolf : Electronic ORDER entered granting 17 Motion for Leave to Appear Pro Hac Vice Added John F. Finnegan for Transamerica Insurance Company and TIG Insurance Company, Michael K. Robles for Transamerica Insurance Company and TIG Insurance Company (O'Leary, Dennis) (Entered: 01/26/2005) |
| 01/28/2005 | 23 | NOTICE of Change of Address by Adam G Cohen, FILED, c/s. (Boyce, Kathy) (Entered: 02/03/2005) |

| **PACER Service Center** | | | |
| **Transaction Receipt** | | | |
| 02/04/2005 15:46:38 | | | |
| PACER Login: | cc0457 | Client Code: | 02626-0001 |
| Description: | Docket Report | Search Criteria: | 1:04-cv-12729-MLW |
| Billable Pages: | 2 | Cost: | 0.16 |