```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

TIG INSURANCE COMPANY,           )
     Petitioner,                 )
                                 )
     v.                          )   C.A. No. 04-12729-MLW
                                 )
FIRST STATE INSURANCE COMPANY,   )
     Respondent                  )
```

ORDER

WOLF, D.J.                                              August 22, 2005

On December 30, 2004, petitioner TIG Insurance Company ("TIG") filed a Petition to Confirm an Arbitration Award, pursuant to §9 of the Federal Arbitration Act ("FAA"). See 9 U.S.C. §9. More specifically, TIG seeks the confirmation of a January 30, 2004 Award resulting from the arbitration of a dispute between it and First State Insurance Company ("First State").

Under §9, arbitration awards are to be confirmed "unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of [the FAA]." Id. "Section 9 . . . is clear that confirmation is a summary proceeding" and that courts have a "limited role in confirming an arbitration award." Wachovia Securities, Inc. v. Gangale, 125 Fed. Appx. 671, 675 (6th Cir. 2005); see also Menke v. Monchecourt, 17 F.3d 1007, 1009 (7th Cir. 1994) ("[A]n action for confirmation under 9 U.S.C. §9 is intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court."); Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2nd Cir. 1986); Robert Lewis Rosen

Associates, Ltd. v. Webb, 2005 WL 1308942, *2 (S.D.N.Y. June 1, 2005).

In this case, the arbitration award has not been vacated, modified or corrected within the three month time period permitted to seek vacatur, modification or correction of the award. See 9 U.S.C. §12. Indeed, First State does not object to the requested confirmation. Accordingly, the award is being confirmed.

In addition, First State has filed a Motion for an Order of Impoundment and Sealing of Confidential Material in this case. First State seeks the impoundment and sealing of TIG's Petition to Confirm An Arbitration Award, and all documentation related to it. TIG states that it does not oppose impoundment. See Petitioner's Response to Respondent's Motion for An Order of Impoundment at 1. Nevertheless, the court has considered whether impoundment is appropriate.

Upon a showing of good cause, Federal Rule 26(c) authorizes a court to enter protective orders impounding all or part of the record of a case before it. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986). In the instant case, the Arbitration Panel recognized that there should be confidentiality involved in the arbitration at issue and, therefore, directed the parties to confer regarding a confidentiality agreement. See Elcock Decl., Exhibit 1.

2

Subsequently, TIG and First State entered into a Confidentiality Agreement which provides that all arbitration information, including the arbitration award and the information exchanged between the parties in the course of the arbitration and, subject to court approval, any disclosures made in connection with court proceedings, shall be kept sealed and confidential. See Elcock Decl., Exhibit 2. Accordingly, sealing the record in this case is consistent with the expectations of the Arbitration Panel and effectuates the parties' intent as expressed in the Confidentiality Agreement. In this case, impoundment is appropriate to promote the arbitral process, which is generally in the public interest, and this does not appear to be a case in which there is a countervailing public interest in knowing the terms of the rather esoteric arbitral award. Therefore, the Motion for An Order of Impoundment and Sealing of Confidential Material is being allowed. See DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 827 (2nd Cir. 1997).

    Accordingly, it is hereby ORDERED that:

    1.   TIG's Petition to Confirm an Arbitration Award, pursuant to §9 of the Federal Arbitration Act ("FAA") (Docket No 3) is ALLOWED.

    2.   First State's Motion for an Order of Impoundment and Sealing of Confidential Material is ALLOWED and all filings in this

case, except this Order, are hereby SEALED.

                                                 /a/ Mark L. Wolf
                                        UNITED STATES DISTRICT JUDGE